IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**UNITED STATES OF AMERICA,** *ex rel.*
**KAREN WALKER and EMMA BRELAND**                                        **PLAINTIFFS**

**v.**                                       **CIVIL ACTION NO. 2:07-CV-342-KS-MTP**

**CORPORATE MANAGEMENT, INC., et al.**                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** Defendant Greene County Hospital Inc.'s Motion to Dismiss [39].

## I. BACKGROUND

This is a False Claims Act ("FCA")[1] case. Karen Walker alleges that Defendants employed her as a housekeeper from November 2005 through November 2006. Emma Breland alleges that Defendants employed her as an LPN from November 21, 2005, through June 11, 2007. Both claim that during their employment they witnessed Defendants cause false claims to be submitted to the federal government for services rendered at Green County Hospital and Greene County Rural Health Center. Defendant Greene County Hospital, Inc. filed a Motion to Dismiss [39], which the Court now addresses.

## II. STANDARD OF REVIEW

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely

---

[1] 31 U.S.C. §§ 3729, *et seq.*

granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the

court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

### III. DISCUSSION

The FCA permits "suits by private parties on behalf of the United States against anyone submitting a false claim to the Government." *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 475 (5th Cir. 2012). In relevant part, the FCA imposes liability on anyone who: "(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of [these sections.]" 31 U.S.C. § 3729(a)(1).

Defendant Greene County Hospital, Inc. argues that it could not have made any of the alleged fraudulent claims witnessed by Relators because it did not exist during the period of their employment. Defendant submitted its articles of incorporation,[2] which demonstrate that it was formed on October 17, 2007 – four months after Breland's employment terminated and almost a year after Walker's employment terminated. In response, Relators argue that they alleged that Defendant submitted fraudulent claims from November 2005 to December 18, 2007.[3] In rebuttal, Defendant argues that Relators have not provided sufficient factual support for their allegation

---

[2] The Court may consider matters of public record when addressing a motion to dismiss. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007).

[3] Relators also argue that Defendants are liable under a theory of successor liability. It is not necessary for the Court to address this issue.

3

of fraudulent claims submitted after its incorporation.

"Claims brought under the FCA must comply with Rule 9(b)." *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). One must generally "set forth the who, what, when, where, and how of the alleged fraud" to meet Rule 9(b)'s requirements, *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010), but the Fifth Circuit has specifically addressed the application of Rule 9(b) to FCA claims. *United States ex rel. Grubbs v. Ravikumar Kanneganti*, 565 F.3d 180 (5th Cir. 2009). The Court will address the particular requirements for each subsection of § 3729 below.

### A.     *Section 3729(a)(1)(A)*

Presentment of a claim is the act giving rise to liability under Section 3729(a)(1)(A), and "[f]raudulent presentment requires proof only of a claim's falsity, not its exact contents." *Id.* at 189. A relator "does not necessarily need the exact dollar amounts, billing numbers, or dates to prove to a preponderance that fraudulent bills were actually submitted." *Id.* at 190. Therefore, such details are not required at the pleading stage. *Id.* at 189-90. To satisfy Rule 9(b)'s standard of particularity for a claim under the FCA, "a relator's complaint, if it cannot allege the details of an actually submitted false claim, may nevertheless survive by alleging details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 190.

4

Relators allege that Defendants engaged in a pattern of "upcoding" – billing Medicare or Medicaid for services under a code that is more expensive than the services the patient actually needed or was provided – from November 2005 through December 18, 2007. Relators claim to have witnessed Defendants submit Medicare and Medicaid claims for two beds at the same time for the same patients. Specifically, they claim that Defendants kept a bed open in the assisted living section of the facility with a patient's charts, while the patient was actually housed in the inpatient rehabilitative section of the facility. Relators also claim that Defendants submitted claims for treatment that they never provided, including the dispensing of pharmaceuticals, intravenous fluids, x-rays, and pregnancy tests. They further claim that Defendants provided services that were medically unnecessary. Relators named specific patients, and, in some cases, gave specific dates. They did not provide any specific allegations regarding false claims after June 2007 – when Breland's employment terminated.

Defendant Greene County Hospital, Inc. argues that Relators provided no specific allegations for any events occurring after it was incorporated and, therefore, capable of submitting false claims. Defendant further argues that Relators could not possibly have knowledge of events occurring after its incorporation, as they were no longer employed at the subject health care facilities. However a relator must only have "direct and independent knowledge on which the allegations are based . . . if the claims are based on information that is publicly disclosed." *Id.* at 194. Here, Relators' claims are not based upon public disclosures in "a criminal, civil, or administrative hearing, in a congressional, administrative, or Government General Accounting Office report,

hearing, audit, or investigation, or from the news media." *Id.* (punctuation omitted). Therefore, their claims do not have to be based upon direct and independent knowledge.

Furthermore, all Rule 9(b) requires in this context is that Relators allege "details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 190. Relators provided details of fraudulent activity they witnessed from November 2005 through June 2007. In some cases, they provided specific patient names and dates. They further alleged that this activity continued through December 18, 2007 – after Defendant Greene County Hospital, Inc. was formed. Although they provided no specific details of fraudulent activity after June 2007, the Court believes that the details of fraudulent activity prior to Defendant's incorporation are sufficient indicia of reliability for Relators' claim that the fraudulent activity continued through December 2007.

Defendant stresses that Relators' claims are unsubstantiated by any evidence, but Relators are not required to present evidence at the pleading stage. "To require these details at pleading is one small step shy of requiring production of actual documentation with the complaint, a level of proof not demanded to win at trial and significantly more than any federal pleading rule contemplates." *Id.* at 190. Furthermore, overly strict pleading requirements would discourage whistleblowers from coming forward with what they know. *Id.* at 191. "While Rule 9(b) stands as a hurdle preventing discovery when a complaint fails to sufficiently define its claims, it does not do away with discovery altogether by allowing access to discovery only when

6

the complaint already contains all the information necessary to succeed at trial." *Id.* Accordingly, the Court concludes that Relators alleged sufficient facts to state a claim against Defendant Greene County Hospital, Inc. under § 3729(a)(1)(A) of the FCA.

B.  *Section 3729(a)(1)(B)*

Section 3729(a)(1)(B) "imposes civil liability on any person who knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B). This section does not require presentment. *Grubbs*, 565 F.3d at 192. All it "requires is that the defendant made a false record or statement for the purpose of getting a false or fraudulent claim paid by the Government. For this section, the recording of a false record, when it is made with the requisite intent, is enough to satisfy the statute . . . ." *Id.* at 193.

Relators allegedly witnessed Defendants keeping a chart for a patient at an empty bed, while the patient actually occupied a bed in another section of the facility. Relators also allege that Defendants submitted false certifications of compliance with their annual cost reports. Although Relators certainly could have provided more detail as to specific false medical records and documents, the Court concludes that these allegations state a claim under § 3729(a)(1)(B).

C.  *Section 3729(a)(1)(C)*

"[T]o prove a False Claims Act conspiracy, a relator must show (1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim allowed or paid by the Government and (2) at least one act performed in furtherance of that agreement." *Id.* at 193 (punctuation omitted). Rule 9(b)'s requirements apply

7

to the FCA's conspiracy provision "with equal force as to its presentment and record provisions." *Id.* "[A] plaintiff alleging a conspiracy to commit fraud must plead with particularity the conspiracy as well as the overt acts taken in furtherance of the conspiracy." *Id.* (punctuation omitted). Relators have not pled any specific facts evincing an agreement among the Defendants. Taking the allegations of the First Amended Complaint as true – that various doctors and staff members of the Defendant facilities submitted certain false claims – "does not, by itself, do more than point to a possibility of an agreement among them." *Id.* at 194. Therefore, the Court finds that Relators failed to state a claim under § 3729(a)(1)(C).

## IV. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendant Greene County Hospital, Inc.'s Motion to Dismiss [39]. The Court grants the motion as to Relators' claims under 31 U.S.C. § 3729(a)(1)(C), but it denies the motion as to Relators' claims under 31 U.S.C. §§ 3729(a)(1)(A) and (B).

SO ORDERED AND ADJUDGED this 24th day of October, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

8